IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL STEPHANY,                                       NO.

        Plaintiff,

vs.

AMERICAN TERRAZZO COMPANY,
LTD., a foreign corporation doing business
in New Mexico, DON-JUAN EPITACIO
HERNANDEZ, and DOES 1-10,

        Defendants.

## COMPLAINT FOR NEGLIGENCE PER SE, GROSS NEGLIGENCE, NEGLIGENCE and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### AND

### DEMAND FOR TRIAL BY A JURY OF TWELVE

      Plaintiff, MICHAEL STEPHANY, by and through his attorneys, McGraw & Strickland, P.C., Las Cruces, New Mexico, (Mollie McGraw), and Needham Kepner & Fish, LLP, San Jose, California, (Anne Kepner and Jeff Rickard), and, for his Complaint state:

      1.     Michael Stephany has been a resident of the City of Las Cruces, Doña Ana County, New Mexico at all times material to this complaint.

      2.     Michael Stephany's serious personal injuries were proximately caused by the joint and several conduct of Defendants driving their truck at a four-way intersection, not yielding to oncoming traffic and turning left directly into the path of oncoming traffic, forcing Plaintiff to collide with the Defendants' vehicle in the County of Doña Ana, State of New Mexico on or about December 9, 2009.

1

3. Defendant American Terrazzo Company, Ltd., ("Terrazzo") is a foreign corporation doing business throughout the State of New Mexico incorporated in Texas and its corporate headquarters located at 309 Gold Street, Garland, Texas.

4. Defendant, Don-Juan Epitacio Hernandez, upon information and belief, is a resident of Grand Prairie, State of Texas.

5. On information and belief, Defendant Don-Juan Epitacio Hernandez was an employee of Defendant Terrazzo operating a vehicle owned by Defendant Terrazzo within the course and scope of his employment with Defendant Terrazzo.

6. Federal Court jurisdiction is proper in accordance with 28 U.S.C. Section 1332(a)(2).

7. Does 1-10, inclusive are named either as individuals or as corporations or other business entities that may have been involved or contributed to the crash injuring the Plaintiff. The true names and capacities whether individual, corporate, associate, partnership or otherwise of Defendants Doe 1-10, inclusive are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will amend his Complaint to show the true names and capacities of the fictitiously named Defendants when that information is obtained.

## VENUE AND JURISDICTION

8. The events which form the subject matter of this Complaint occurred in the County of Doña Ana, State of New Mexico. The Defendants are a foreign resident and foreign corporation doing business in New Mexico.

9. Defendant Don-Juan Epitacio Hernandez's unlawful driving and failing to yield to oncoming traffic which is the basis of this Complaint occurred on or about December 9, 2009, at the intersection of Las Cruces Avenue and San Pedro Street in Doña Ana County, New Mexico.

10. The automobile being driven by Defendant Don-Juan Epitacio Hernandez failed to yield to the Plaintiff and drove directly into the path of Plaintiff's motorcycle, causing the two vehicles to collide and resulting in serious personal injuries to Michael Stephany and the events

2

COMPLAINT FOR NEGLIGENCE PER SE, GROSS NEGLIGENCE, NEGLIGENCE and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND DEMAND FOR TRIAL BY A JURY OF TWELVE
{NKF Main\6305\72248\PLEADING\00205019.DOC}

forming the basis for Plaintiff's Claims.

11.   Venue is proper in the Federal District Court for the State of New Mexico as the event giving rise to the cause of action occurred in New Mexico, the parties are subject to service of process in this Federal Judicial District and this Court has Jurisdiction over each of the Defendants in this action.

12.   The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. The Court therefore has jurisdiction under 28 U.S.C. Section 1332(a)(2).

## FACTS SUPPORTING CLAIMS

13.   On or about December 9, 2009, Plaintiff Michael Stephany was traveling on a 1991 Harley Davidson motorcycle proceeding eastbound on Las Cruces Avenue at or near the intersection of San Pedro Street when Defendant Don-Juan Epitacio Hernandez, driving a 2003 Chevrolet truck, unexpectedly turned left from northbound San Pedro Street directly into the path of Plaintiff's vehicle.

14.   Stunned to find Defendants' vehicle in front of him given Plaintiff had the right-of-way, Plaintiff Michael Stephany was unable to avoid a collision with Defendants' truck.

15.   Defendants, and each of them, had a duty to control their vehicle in a reasonable and prudent manner.

16.   Defendants, and each of them, had a duty in the operation of the motor vehicle being driven by Don-Juan Epitacio Hernandez to exercise ordinary care, at all times, to prevent a collision with others lawfully using the road.

17.   Defendants had a duty at all times to keep a proper look out, and to maintain proper control of their vehicle so as to avoid placing others in danger, and to prevent injuries to others.

18.   Failure to maintain the vehicle at a stop at the stop sign controlling traffic in the eastbound direction on San Pedro Street at the intersection of Las Cruces Avenue and to yield to

3

oncoming traffic on Las Cruces Avenue was a violation of law.

19. Defendants, and each of them, had a duty to drive their vehicle in conformity with state law, standards of yielding to oncoming traffic.

20. In violation of their duties, Defendants and each of them, drove, controlled and operated their vehicle in a negligent and reckless manner.

21. The crash and injuries described herein occurred as a direct and proximate result of the violation of automobile safety laws by Defendants, and each of them.

22. The crash and injuries described herein occurred as a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, and each of them.

## COUNT I - NEGLIGENCE PER SE FOR VIOLATION OF NEW MEXICO TRAFFIC SAFETY LAWS

23. Plaintiff incorporates by reference the preceding paragraphs as if set forth in full herein.

24. Defendant Don-Juan Epitacio Hernandez violated Section 66-7-330 NMSA 1978 by failing to stop at the stop sign on San Pedro Street and failing to yield the right-of-way to Plaintiff's vehicle which had entered the intersection from Las Cruces Avenue.

25. Defendant Don-Juan Epitacio Hernandez violated Section 66-7-104(A) NMSA 1978 by failing to stop at the stop sign on San Pedro Street which gave Plaintiff the right of way.

26. Defendant's conduct was in violation of existing New Mexico traffic safety laws.

27. Plaintiff is a member of the class these New Mexico traffic safety laws were designed to protect and the harm suffered by Plaintiff is the type of harm these laws, statutes and regulations seek to prevent.

28. As a direct and proximate result of Defendant's violation of the New Mexico Motor Vehicle Code, Plaintiff suffered damages as alleged in this Complaint.

29. Defendants, and each of them, were negligent per se and Plaintiff should be

4

COMPLAINT FOR NEGLIGENCE PER SE, GROSS NEGLIGENCE, NEGLIGENCE and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND DEMAND FOR TRIAL BY A JURY OF TWELVE
{NKF Main\6305\72248\PLEADING\00205019.DOC}

awarded his damages for such negligence in an amount to be proven at trial, including punitive damages and such other relief as the Court deems just and proper.

## COUNT II - GROSS NEGLIGENCE

30. Plaintiff incorporates by reference the preceding paragraphs as if set forth in full herein.

31. The above-referenced acts and/or omissions of Defendants, and each of them, at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, and were of such a nature that the Defendants had, or should have had, a subjective awareness of the risk involved, but instead recklessly proceeded with conscious indifference to the rights, safety and welfare of others including but not limited to the Plaintiff.

32. The above-referenced acts and/or omissions by Defendants, each individually and cumulatively, were a proximate and producing cause of the injuries sustained by Plaintiff.

## COUNT III - NEGLIGENCE

33. Plaintiff incorporates by reference the preceding paragraphs as if set forth in full herein.

34. At all relevant times, Defendant Don-Juan Epitacio Hernandez had a duty to operate the motor vehicle he was driving in a safe manner according to the traffic safety laws of New Mexico, including yielding the vehicle he was driving to oncoming traffic at the subject intersection and stopping at the stop sign on San Pedro Street.

35. On information and belief, Defendant Don-Juan Epitacio Hernandez, at all times material to this complaint, operated the vehicle within the course and scope of his employment with Defendant Terrazzo.

36. The above-referenced acts and/or omissions by Defendants, each individually, jointly and cumulatively were negligent and, as a direct and proximate cause of the negligence and carelessness of Defendants, and each of them, Plaintiff was damaged.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates by reference the preceding paragraphs as if set forth in full herein.

38. Plaintiff Stephany suffered severe emotional distress from extensive medical treatment and the knowledge that he will continue to suffer from the injuries he sustained in the collision.

39. The Defendants knew or should have recognized, from information available to them, that their negligent conduct, described herein, would directly and proximately result in severe emotional distress to Plaintiff.

40. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered severe emotional distress damages in an amount to be proven at trial.

## RESPONDEAT SUPERIOR

41. Plaintiff incorporates by reference the preceding paragraphs as if set forth in full herein.

42. Defendant Don-Juan Epitacio Hernandez was in Las Cruces, Dona Ana County, New Mexico working on a construction project for Defendant Terrazzo at the time of the collision.

43. The Plaintiff's injuries and damages were proximately caused in a collision caused by Defendant Don-Juan Epitacio Hernandez while driving a vehicle owned by Defendant Terrazzo, and in the course and scope of his employment for Defendant Terrazzo.

## DAMAGES AND OTHER RELIEF

As a result of the conduct, acts and omissions of Defendants, and each of them, Plaintiff Michael Stephany has suffered serious and permanent personal injuries to his body, all of which have caused him in the past, and will cause him in the future, lost wages, loss of earning

capacity, physical and mental impairment, physical pain, mental anguish, and medical, life-care and attendant hospital expenses, for which Michael Stephany should be compensated in accordance with the laws of New Mexico.

Defendants were the proximate and producing cause of all damages alleged.

As a proximate result of the conduct and acts of Defendants, and each of them, Plaintiff seeks compensatory damages for:

    a.    Hospital and medical expenses, past and future;

    b.    Pain and suffering;

    c.    Loss of enjoyment of life;

    d.    Past and future mental anguish;

    e.    Emotional distress suffered;

    f.    Property damage;

    g.    Pre- and post-judgment interest;

    h.    Incidental expenses and damages; and,

    i.    For such other and further relief as the Court deems just and proper.

In addition to compensatory damages, Plaintiff seeks and will show that Plaintiff is entitled to punitive damages from Defendants, and each of them, because their misconduct, omissions and the circumstances of the crash they caused constitute reckless, grossly negligent, negligent per se, willful, wanton and malicious behavior and misconduct that warrants punitive damages to be awarded within the discretion of the jury.

Plaintiff reserves the right to prove the amount of damages at trial.

Plaintiff reserves the right to amend his Complaint by adding additional counts as discovery continues.

## TRIAL BY JURY

Plaintiff hereby demands trial by a **twelve** (12) person jury on all issues.

7

COMPLAINT FOR NEGLIGENCE PER SE, GROSS NEGLIGENCE, NEGLIGENCE and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND DEMAND FOR TRIAL BY A JURY OF TWELVE
{NKF Main\6305\72248\PLEADING\00205019.DOC}

## TRIAL BY JURY

Plaintiff hereby demands trial by a **twelve** (12) person jury on all issues.

WHEREFORE, Plaintiff prays for judgment on his Complaint against Defendants, and each of them, for punitive damages, costs, pre- and post-judgment interest as applicable, and for all other appropriate relief.

Respectfully submitted,

MOLLIE McGRAW
McGRAW & STRICKLAND
1014 S. Main Street, Suite C
Las Cruces, NM  88005
Phone: (575) 323-1529
Facsimile: (576) 680-1200
mollie@nmlawyers.org

And

ANNE J. KEPNER
JEFF RICKARD
NEEDHAM KEPNER & FISH LLP
1960 The Alameda, Suite 210
San Jose, CA  95126
Phone: (408) 244-2166
Facsimile: (408) 244-7815
akepner@nkf-law.com
jrickard@nkf-law.com

*Attorneys for Plaintiffs*

8

COMPLAINT FOR NEGLIGENCE PER SE, GROSS NEGLIGENCE, NEGLIGENCE and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND DEMAND FOR TRIAL BY A JURY OF TWELVE
{NKF Main\6305\72248\PLEADING\00205019.DOC}